District Judge James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RWANGOKO ANDREW,

Plaintiff,

v.

KRISTI NOEM, *et al.*,

Defendants.

No.  2:24-cv-1375-JLR

STIPULATED MOTION TO CONTINUE DEADLINE AND [PROPOSED] ORDER

Noting Date: January 19, 2026

For good cause, Plaintiff Rwangoko Andrew and Defendants, through their respective counsel, pursuant to Federal Rule of Civil Procedure 6 and Local Rules 10(g) and 16, and hereby jointly stipulate and move to continue to stay these proceedings through April 22, 2026.  Plaintiff brings this lawsuit pursuant to the Administrative Procedure Act and the Mandamus Act to compel the U.S. Citizenship and Immigration Services ("USCIS") to adjudicate the Forms I-730, Refugee/Asylee Relative Petitions, that Plaintiff filed on behalf of his wife and children in December 2018.  This case is currently stayed through January 22, 2026.  Dkt. No. 22.

Courts have "broad discretion" to stay proceedings.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also* Fed. R. Civ. P. 1.

STIPULATED MOTION AND ORDER
2:24-cv-1375-JLR

- 1 -

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

On January 20, 2025, President Trump issued an Executive Order ("EO") entitled "Realigning the United States Refugee Admissions Program." Presidential Actions, Executive Order, Jan. 20, 2025, Realigning the United States Refugee Admissions Program, *available at* https://www.whitehouse.gov/presidential-actions/2025/01/realigning-the-united-states-refugee-admissions-program/ (last visited Sept. 16, 2025). Section 3(a) of the EO suspended entry of refugees into the United States through the U.S. Refugee Admissions Program ("USRAP") as of January 27, 2025. Section 3(b) of the EO also suspended "decisions on applications for refugee status" by the Department of Homeland Security ("DHS") as of its issuance. This means that decisions on Form I-590, Registration for Classification as a Refugee, and Form I-730, Asylee/Refugee Relative Petitions filed by principal refugees, were suspended.

Section 4 of the EO indicated that within 90 days of the EO's issuance, the Secretary of Homeland Security, in consultation with the Secretary of State ("the Secretaries"), shall submit a report to the President through the Homeland Security Advisor regarding whether resumption of entry of refugees into the United States under the USRAP would be in the interests of the United States. The Secretaries shall submit further reports every 90 days thereafter for the duration of the USRAP suspension. Section 4 further indicated that the suspension will remain in place until President Trump determines that resumption of the USRAP is in the interests of the United States.

On February 28, 2025, a court in this District issued a nationwide preliminary injunction ("Order") enjoining the Government from enforcing or implementing relevant portions of the EO. *Pacito v. Trump*, No. 2:25-cv-255-JNW, 2025 WL 655075 (W.D. Wash. Feb. 28, 2025), appeal filed (9th Cir. Mar. 3, 2025).

On March 25, 2025, the Ninth Circuit issued a ruling on an emergency motion filed by the Government staying the Order in large part. *Pacito v. Trump*, No. 25-1313, Dkt. Entry 28.1 (9th

STIPULATED MOTION AND ORDER
2:24-cv-1375-JLR                                    - 2 -

Cir. Mar. 25, 2025). The Government then filed a motion for clarification of the Ninth Circuit's partial stay. *See Pacito v. Trump*, No. 25-1939 (9th Cir. Apr. 9, 2025) (motion for clarification).

On April 21, 2025, the Ninth Circuit granted the Government's motion to clarify the scope of the previous order. *Pacito v. Trump*, No. 25-1939, Dkt. Entry 46.1 (9th Cir. Apr. 21, 2025). The Ninth Circuit clarified that the Government's previous stay request was denied only "to the extent that the district court's preliminary injunction order applies to individuals who met the following conditions on or before January 20, 2025: (1) the individual had an approved refugee application authorizing Customs and Border Protection to admit the individual "conditionally as a refugee upon arrival at the port with four months of the date the refugee application was approved," 8 CFR 207.4; (2) the individual was cleared by USCIS for travel to the United States; and (3) the individual had arranged and confirmable travel plans to the United States." The Ninth Circuit emphasized that "the preliminary injunction remains in effect for these individuals only." *Id.*

On July 14, 2025, the *Pacito* district court issued a Compliance Framework Order setting forth binding compliance framework to clarify what obligations the Government must fulfill to ensure compliance with the Order. Dkt. No. 145.

On July 19, 2025, the Ninth Circuit issued an administrative stay of the Compliance Framework Order. Dkt. No. 83.

On September 12, 2025, the Ninth Circuit issued a stay of the *Pacito* district court's February 28, 2025 order (Dkt. No. 45) and March 24, 2025 order (Dkt. No. 79) in their entirety, except that the Court ordered the Government to reinstate cooperative agreements necessary to provide the reception and placement services described in 8 U.S.C. § 1522 to refugees who have been admitted to the United States. Dkt. No. 120.

STIPULATED MOTION AND ORDER
2:24-cv-1375-JLR                              - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

While the Forms I-730 at issue here have been approved, Plaintiff's wife and children did not have travel arrangements made as of January 20, 2025 and are not presently in the United States.[1]   The Parties request that that this case remain stayed as the *Pacito* proceedings are ongoing.  A stay is warranted in the interests of judicial economy and to avoid duplicative and potentially unnecessary litigation.

Accordingly, the Parties agree and jointly request that this case be held in abeyance until April 22, 2026, and order the parties to file a joint status report on or before April 22, 2026.

DATED this 19th day of January, 2026.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

*s/ Michelle R. Lambert*
MICHELLE R. LAMBERT, NYS #4666657
Assistant United States Attorney
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Phone:  253-428-3824
Email:   michelle.lambert@usdoj.gov

*I certify that this memorandum contains 918 words, in compliance with the Local Civil Rules.*

SUMMIT LAW GROUP, PLLC

*s/ Diana Siri Breaux*
Diana Siri Breaux, WSBA #46112
dianab@summitlaw.com
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104
Telephone: 206-676-7000

---

[1] In May 2024 Mr. Rwangoko filed a Form I-130 (Petition for Alien Relative) on behalf of his infant son, who is now in the United States.  This child is not included in the Form I-730 Petition at issue here.

STIPULATED MOTION AND ORDER
2:24-cv-1375-JLR                    - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

PATTERSON BELKNAP WEBB &
TYLER LLP

*s/ Steven A. Zalesin*
STEVEN A. ZALESIN (*Pro Hac Vice*)
sazalesin@pbwt.com

*s/ Stephanie Sofer*
STEPHANIE SOFER (*Pro Hac Vice*)
ssofer@pbwt.com

*s/ Emma Guido Brill*
EMMA GUIDO BRILL (*Pro Hac Vice*)
ebrill@pbwt.com
1133 Avenue of the Americas
New York, NY 10036
Telephone: 212.336.2000

*Attorneys for Plaintiff*

[~~PROPOSED~~] ORDER

The parties having so stipulated, the above is **SO ORDERED**. The parties shall file a joint status report on or before April 22, 2026.

DATED this ____20ᵗʰ____ day of ____January____, 2026.

JAMES L. ROBART
United States District Judge